BARINGER, Appellant, vs. ROCK COUNTY SUGAR COMPANY, Respondent.

*January 12—February 9, 1915.*

*Contracts: Sales on commission: Failure to fill orders: Measure of damages.*

By contract defendant gave plaintiff the right to sell, on commission, beet pulp from its factory at a certain price, reserving the privilege of supplying its Western market, but directing plaintiff to go ahead and sell all the pulp he could and mail orders direct to the factory, the same to be filled as soon as the factory started up, and to confirm orders until instructed to the con-

trary. Plaintiff accordingly secured and confirmed orders for pulp until notified to desist, but defendant was unable to fill a part of such orders. *Held*, that plaintiff was entitled to recover, as damages for such failure, his commissions on pulp not delivered and the amount he was obliged to pay his customers to secure cancellation of their orders.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

Action to recover compensation for selling sugar beet pulp and damages for breach of contract.

This is the claim: A contract was entered into between plaintiff and defendant whereby the former was "permitted to dispose of the pulp of the latter's beet sugar factory, located at Janesville, Wisconsin, for such price as would net defendant $13.80 per ton at Janesville, less seventy-five cents per ton to be allowed plaintiff, as commission," such permit not to prevent defendant from supplying their Western trade and introducing and advertising their product for feed, but plaintiff to take all orders for pulp he could until notified to desist; the orders to be sent direct to the factory, be recorded, and shipments to be made promptly.

Pursuant to such contract plaintiff sent in orders for 2,300 tons of pulp before being notified that deliveries could not be made. Seven hundred and seventy tons were delivered on such orders, and deliveries were refused on the balance. The entire output of the factory for the season was a little over 1,530 tons. The residue over that so delivered was disposed of by defendant to supply its other trade. Plaintiff did not take orders subject to confirmation at the factory. He confirmed them himself, relying on being notified not to do so if there was any need to cease soliciting. In due time he wrote defendant he was working on some large orders and wished to have instructions before going ahead, "if there was any danger of deliveries not being made." To that defendant answered: You can keep on taking orders and send them to Janesville and as soon as the factory has started up we can

fill the orders for delivery as purchasers want. "You may sell all the pulp you can, and mail the orders right to Janes-ville." Defendant did not notify plaintiff to cease his activity until November 15, 1906. At that time the latter was informed that he had, probably, sent more orders than could be filled. Up to that he had been encouraged to take orders. He waited some little time after sending in the last orders before confirming them to his customers. Not hearing anything from defendant of a discouraging nature, he confirmed. Thereafter he received the notice aforesaid. By reason of orders not being filled, plaintiff was compelled to make up loss to his customers to the extent of $802.50.

The court found in favor of the defendant upon the ground that the contract was a mere permit to sell pulp limited to the amount which could be spared over what might be required by defendant to supply its Western market, in order to introduce it and advertise it for purposes of feed, that all that could be spared under that arrangement was delivered to plaintiff.

Judgment was rendered accordingly.

*M. P. Richardson,* for the appellant.

For the respondent there was a brief by *Jeffris, Mouat, Oestreich & Avery,* and oral argument by *L. A. Avery.*

MARSHALL, J. If the court's view of the facts be correct, obviously, its conclusion is unassailable. But is it correct?

We cannot well support the finding that the contract with plaintiff was of the limited character mentioned. The agreement was made by correspondence. When the matter was first definitely put in shape it was by a letter to plaintiff, under date of July 30, 1906, containing terms as stated in the court's findings. Plaintiff replied August 2d thereafter practically accepting defendant's proposition but calling for some explanations. Defendant replied under date of August 14, 1906, confirming the previous proposition but without

specifically replying to the inquiry in plaintiff's letter.    That left the question of whether plaintiff could sell the pulp, absolutely, or only subject to confirmation of his orders at the factory.    To clear up that, he wrote under date of August 7, 1906, referring to the closing letter from defendant: "As we understand it we are authorized to confirm orders for any reasonable amount of pulp until we have instructions from you to the contrary."    That was a fair construction of the arrangement.    There was no reply calling it in question. August 9th plaintiff asked for cautionary instructions if there was any danger of his taking orders that could not be filled. To that defendant replied: "You may sell all the pulp you can, and mail the orders right to Janesville."    That was what plaintiff did, taking the precaution along toward the last, of delaying confirmation to afford defendant ample time to protect itself, and give notice so he would not run the danger of incurring obligations to his loss.    He did not receive notice to desist until he had taken and confirmed the orders mentioned in the complaint.

Thus the contract between appellant and respondent was this, clearly: Respondent offered appellant the right to sell its product at a price to net to the factory $13.80 per ton Janesville, less seventy-five cents per ton allowed for commission, reserving the privilege of supplying its Western market; but appellant to go ahead and sell all the pulp he could and mail the orders direct to Janesville, the same to be filled as soon as the factory started up, and to confirm orders until instructed to the contrary.    If the court below had found the contract to be as suggested, judgment, as matter of course, would have been awarded plaintiff for the commission on the amount of pulp not delivered and the amount appellant was obliged to pay to secure cancellation of orders with interest as prayed for in the complaint.

The error below, it seems, occurred by taking respondent's letter of July 30, 1906, as showing what the contract was in-

stead of the entire correspondence which commenced with such letter and ended, so far as completing the agreement and understanding of its purport is concerned by respondent's letter of August 9, 1906, saying you may sell all the pulp you can.

*By the Court.*—The judgment is reversed, and the cause is remanded for judgment in favor of plaintiff for the amount due him according to the findings on the basis indicated in the opinion less $57.75 unpaid on the pulp, the balance being $1,894.75 with interest from the 13th day of November, 1906.